CT Corporation

**Service of Process Transmittal**
04/23/2015
CT Log Number 527000568

TO: Rema Fisher
Spirit Airlines, Inc.
2800 Executive Way
Miramar, FL 33025-6542

RE: **Process Served in Illinois**

FOR: SPIRIT AIRLINES, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jaqueline Allen, Wife and Special Administrator to the Estate of Christopher Allen, deceased, Pltf. vs. Spirit Airlines, Inc., et al., Dfts., Janine M. Fromm, R.N., et al., Respondents-in-Discovery |
| **DOCUMENT(S) SERVED:** | Summonses, Attachment(s), Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL Case # 2015L003385 |
| **NATURE OF ACTION:** | Wrongful Death - 04/08/2013 - Negligence of flight crew regarding the medical emergency in the flight |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/23/2015 at 12:45 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Larry R. Rogers, Jr. Power Rogers & Smith PC 70 W. Madison St. SUite 5500 Chicago, IL 60602 312-236-9381 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/24/2015, Expected Purge Date: 05/24/2015 Image SOP Email Notification, Rema Fisher rema.fisher@spirit.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW _____ DIVISION

No. 2015 L 003385

SHERIFF PLEASE SERVE

see reverse side

JACQUELINE ALLEN, as Special Adm. of the estate of CHRISTOPHER ALLEN, dec'd.

_____ (Name all parties)

v.

SPIRIT AIRLINES, INC. and RUSH UNIVERSITY MEDICAL CENTER

## ◉ SUMMONS ○ ALIAS SUMMONS

To each Defendant:

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room **801**_____, Chicago, Illinois 60602

| ○ | District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ○ | District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ○ | District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
|---|---|---|---|---|---|
| ○ | District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ○ | District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60428 | ○ | Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

**APR 1 3 2015**

Atty. No.: 31444_____

Name: Larry R. Rogers, Jr./Power Rogers & Smith, P.C.

Atty. for: Plaintiff

Address: 70 West Madison, 55th Floor

City/State/Zip: Chicago, IL 60602

Telephone: 312-236-9381

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court _____

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)  (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# SPIRIT AIRLINES, INC

CT Corporation System, Registered Age
208 S. LaSalle Street, Suite 814
Chicago, IL 60604



**DIE DATE**
05/06/2015

**DOC.TYPE:** LAW
**CASE NUMBER:** 15L003385
**DEFENDANT**
SPIRIT AIRLINES INC
208 S LASALLE ST
CHICAGO, IL 60604
STE 804

**SERVICE INF**
RM 801 CT C
SYSTEM R/A

**ATTACHED**

# RUSH UNIVERSITY MEL

Anne Murphy, Registered Agent
1700 W. Van Buren St., Ste. 301
Chicago, IL 60612

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW _____ DIVISION

No. 2015 L 003385

SHERIFF PLEASE SERVE

see reverse side

JACQUELINE ALLEN, as Special Adm. of the estate of CHRISTOPHER ALLEN, dec'd.

(Name all parties)

v.

SPIRIT AIRLINES, INC. and RUSH UNIVERSITY MEDICAL CENTER

## ⊙ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room **801** _____, Chicago, Illinois 60602

◯ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

◯ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

◯ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

◯ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 31444

Name: Larry R. Rogers, Jr./Power Rogers & Smith, P.C.

Atty. for: Plaintiff

Address: 70 West Madison, 55th Floor

City/State/Zip: Chicago, IL 60602

Telephone: 312-236-9381

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____,

APR 1 3 2015

DOROTHY BROWN
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



**DIE DATE**
05/06/2015

# SPIRIT AIRLINES, INC.

CT Corporation System, Registered Agent,
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

**DOC.TYPE:** LAW
**CASE NUMBER:** 15L003385
**DEFENDANT**
SPIRIT AIRLINES INC
208 S LASALLE ST
CHICAGO, IL 60604
STE 804

**SERVICE INF**
RM 801 CT C
SYSTEM R/A

**ATTACHED**

# RUSH UNIVERSITY MEDICAL CENTER

Anne Murphy, Registered Agent
1700 W. Van Buren St., Ste. 301
Chicago, IL 60612

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JAQUELINE ALLEN, Wife                    )
And Special Administrator to             )
The Estate of CHRISTOPHER                )      NO.   2015L003385
ALLEN, deceased                          )            CALENDAR/ROOM X
          Plaintiff                      )            TIME 00:00
                                         )      JURY DEMAND
     v.                                  )
                                         )
SPIRIT AIRLINES, INC;                    )
JOHN DOE, Individually and in his capacity as )
Flight Attendant; JANE DOE, Individually )
In her capacity as Flight Attendant; and )
RUSH UNIVERSITY MEDICAL CENTER           )
                                         )
          Defendants.                    )
                                         )
JANINE M. FROMM, R.N.,                   )
DEBRA LUNT, R.N., and                    )
AMY BHAGVANJI, M.D.                      )
WILLIAM BILLHARDT, M.D.                  )
                                         )

          Respondents-in-Discovery

## COMPLAINT AT LAW

### Index of Counts
I. Wrongful Death-Spirit Airlines
II. Wrongful Death-John Doe Flight Attendant
III. Wrongful Death-Jane Doe Flight Attendant
IV. Wrongful Death-RUMC
V

### COUNT I
(Wrongful Death-Spirit Airlines)
NOW COMES Plaintiff JAQUELINE ALLEN, Wife and Special Administrator to the

Estate of CHRISTOPHER ALLEN, deceased, hereby complaining of Defendants JOHN DOE

and JANE DOE, individually and as agents and/or employees of Defendant SPIRIT AIRLINES

and Defendant SPIRIT AIRLINES, pleading hypothetically and in the alternative, Plaintiff states

as follows:

1. On, prior to, and at all times relevant to April 8, 2013, Defendant SPIRIT AIRLINES, INC, (hereinafter Spirit), was an airline in the business of offering domestic and international flights to Citizens of the United States of America.

2. On, prior to, and after April 8, 2013, Spirit did substantial business out of Chicago's O'Hare International Airport, located at 10000 Bessie Coleman Dr., City of Chicago, County of Cook, State of Illinois.

3. On, prior to, and after April 8, 2013, in pursuit of its business, Spirit offered domestic flights, both to and from, Chicago's O'Hare International Airport and Las Vegas's McCarran International Airport.

4. On April 8, 2013, Spirit operated flight 356 from Las Vegas's McCarran International Airport to Chicago's O'Hare International Airport.

5. On April 8, 2013, Plaintiff CHRISTOPHER ALLEN, (hereinafter Mr. Allen) was a passenger on Spirit flight 356 traveling from Las Vegas to Chicago.

6. On April 8, 2013, Defendant SPIRIT airlines solicited, interviewed, and/or hired flight attendants who resided in the City of Chicago, County of Cook, and/or State of Illinois, including, but not limited to Defendant JOHN DOE who worked as an agent and/or employee of Defendant SPIRIT AIRLINES on flight 356.

7. On April 8, 2013, Defendant SPIRIT AIRLINES solicited, interviewed, and/or hired flight attendants who resided in the City of Chicago, County of Cook, State of Illinois, including, but not limited to Defendant JANE DOE who worked as an agent and/or employee of Defendant SPIRIT AIRLINES on flight 356.

8. On April 8, 2013, Defendant JOHN DOE was a flight attendant working within the course and scope of his employment with Defendant Spirit.

9. On April 8, 2013, Defendant JANE DOE was a flight attendant working within the course and scope of her employment with Defendant Spirit.

10. On, prior to, and after April 8, 2013, Spirit had a duty to ensure that its flight crew, including but not limited to, its flight attendants were adequately and appropriately trained to address medical emergencies that might arise on board.

11. On, prior to, and after April 8, 2013, Spirit had a duty to ensure its flight crew, including but not limited to, its flight attendants were aware of, and had access to, on board emergency medical equipment.

12. On, prior to, and after April 8, 2013, Spirit had a duty to ensure the safety, health, and survival of its passengers including, but not limited to, Mr. Allen.

13. On, prior to, and after April 8, 2013, JOHN DOE had a duty to know the location of the plane's emergency medical equipment.

14. On, prior to, and after April 8, 2013, JANE DOE had a duty to know the location of the plane's emergency medical equipment.

15. On prior to, and after April 8, 2013, JOHN DOE had a duty to know the intended operation of the plane's emergency medical equipment.

16. On, prior to, and after April 8, 2013, JANE DOE had a duty to know the intended operation of the plane's emergency medical equipment.

17. On April 8, 2013, Mr. Allen became unresponsive on-board Spirit flight 356.

18. On April 8, 2013, fellow passengers attempted to resuscitate Mr. Allen while Spirit Flight 356 was still in the air.

19. On April 8, 2013, Mr. Allen passed away.

20. At the aforesaid time and place, SPIRIT AIRLINES, INC, was then and there negligent in

one or more of the following respects:

> a. Failing to provide adequate training, with regard to medical emergency, to its flight
> crew, in violation of 14 CFR § 121.805(a) and 14 CFR § 121.417(a); and/or
> b. Failing to provide adequate training as to the location of the flights emergency medical
> equipment, in violation of 14 CFR § 121.417(b)(2) and 14 CFR § 121.805(b)(2); and/or
> c. Failing to provide emergency medical equipment that is clearly identified and clearly
> marked to indicate its method of operation, in violation of 14 CFR 121.803(b)(3); and/or
> d. Failing to store the planes emergency medical equipment in a compartment or
> container that was marked as to its contents; in violation of 121.803(b)(4) and ; and/or
> e. Failing to have emergency medical equipment readily accessible to crewmembers, in
> violation of 14 CFR 121.803(b)(2); and/or
> f. Failing to provide proper training on the intended use of the flight's emergency medical
> equipment, in violation of 14 CFR § 121.417(b)(2) and 14 CFR 121.805(b)(2); and/or
> g. Failing to provide adequate instruction as to emergency assignments and procedures in
> an emergency medical event, in violation of 14 CFR § 121.417(b)(1) and 14 CFR
> 121.805(b)(1); and/or
> h. Failing to provide adequate instruction as to responsibilities and coordination among
> crew members during an emergency medical event, in violation of 14 CFR §
> 121.417(b)(1) and 14 CFR 121.805(b)(1) ; and/or
> i. Failing to have emergency medical equipment readily accessible to passengers, in
> violation of 14 CFR 121.805(b)(2);
> j. Failing to familiarize crewmembers with the content of the emergency medical kit as
> modified on April 12, 2004, in violation of 14 CFR 121.805(b)(4); and/or
> k. Failing to provide instruction on the proper use of automated external defibrillators, in
> violation of 14 CFR 121.805(b)(5)(i); and/or
> l. Failing to provide instruction in cardiopulmonary resuscitation, in violation of 14 CFR
> 121.805(b)(5)(ii); and/or
> m. Failing to provide a CPR mask, in violation of in violation of 14 CFR 121.803(a);
> and/or
> n. Failing to provide automated external defibrillator that was clearly marked to indicate
> its method of operation, in violation of 14 CFR 121.803(b)(3); and/or
> o. Was otherwise negligent.

21. As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of Defendants JOHN DOE AND JANE DOE, Individually and as the agents and/or

employees of Defendant SPIRIT AIRLINES, and Defendant SPIRIT AIRLINES,

CHRISTOPHER ALLEN, sustained injuries of a personal and permanent nature, including

conscious pain and suffering, and died on April 8, 2013.

22. As a proximate result of the death of CHRISTOPHER ALLEN, his family, including Plaintiff JAQUELINE ALLEN, has been deprived of love, companionship, and emotional support, and has suffered injuries of a personal and pecuniary nature.

23. JAQUELINE ALLEN, as wife and Special Administrator of the Estate of CHRISTOPHER ALLEN, Deceased, brings this cause of action on behalf of the Estate of the Decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois for the benefit of his estate, and his heirs, including his wife, and children.

WHEREFORE, Plaintiff, JAQULINE ALLEN, as Wife and Special Administrator of the Estate of CHRISTOPHER ALLEN, Deceased, by and through her attorneys, POWER ROGERS AND SMITH, P.C., demands judgment against the Defendant in such a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000) as shall represent fair and just compensation.

## COUNT II

### (Wrongful Death-John Doe)

NOW COMES Plaintiff JAQUELINE ALLEN, Wife and Special Administrator to the Estate of CHRISTOPHER ALLEN, deceased, hereby complaining of defendant SPIRIT AIRLINES, INC, pleading hypothetically and in the alternative, Plaintiff states as follows:

1. On, prior to, and at all times relevant to April 8, 2013, Defendant SPIRIT AIRLINES, INC, (hereinafter Spirit), was an airline in the business of offering domestic and international flights to Citizens of the United States of America.

2. On, prior to, and after April 8, 2013, Spirit did substantial business out of Chicago's O'Hare International Airport, located at 10000 Bessie Coleman Dr., City of Chicago, County of Cook, State of Illinois.

3. On, prior to, and after April 8, 2013, in pursuit of its business, Spirit offered domestic flights, both to and from, Chicago's O'Hare International Airport and Las Vegas's McCarran International Airport.

4. On April 8, 2013, Spirit operated flight 356 from Las Vegas's McCarran International Airport to Chicago's O'Hare International Airport.

5. On April 8, 2013, Plaintiff CHRISTOPHER ALLEN, (hereinafter Mr. Allen) was a passenger on Spirit flight 356 traveling from Las Vegas to Chicago.

6. On April 8, 2013, Defendant JOHN DOE is an unknown Defendant, working as an agent and/or employee of Defendant SPIRIT AIRLINES.

7. On April 8, 2013, Defendant JANE DOE is an unknown Defendant, working as an agent and/or employee of Defendant SPIRIT AIRLINES.

8. On April 8, 2013, Defendant JOHN DOE was a flight attendant working within the course and scope of his employment with Defendant Spirit.

9. On April 8, 2013, Defendant JANE DOE was a flight attendant working within the course and scope of her employment with Defendant Spirit.

10. On, prior to, and after April 8, 2013, Spirit had a duty to ensure that its flight crew, including but not limited to, its flight attendants were adequately and appropriately trained to address medical emergencies that might arise on board.

11. On, prior to, and after April 8, 2013, Spirit had a duty to ensure its flight crew, including but not limited to, its flight attendants were aware of, and had access to, on board emergency medical equipment.

12. On, prior to, and after April 8, 2013, Spirit had a duty to ensure the safety, health, and survival of its passengers including, but not limited to, Mr. Allen.

13. On, prior to, and after April 8, 2013, JOHN DOE had a duty to know the location of the plane's emergency medical equipment.

14. On, prior to, and after April 8, 2013, JANE DOE had a duty to know the location of the plane's emergency medical equipment.

15. On prior to, and after April 8, 2013, JOHN DOE had a duty to know the intended operation of the plane's emergency medical equipment.

16. On, prior to, and after April 8, 2013, JANE DOE had a duty to know the intended operation of the plane's emergency medical equipment.

17. On April 8, 2013, Mr. Allen was found unresponsive on-board Spirit flight 356.

18. On April 8, 2013, fellow passengers attempted to resuscitate Mr. Allen while Spirit Flight 356 was still in the air.

19. On April 8, 2013, Mr. Allen passed away.

20. At the aforesaid time and place, SPIRIT AIRLINES, INC, was then and there negligent in one or more of the following respects:

a. Failing to provide adequate training, with regard to medical emergency, to its flight crew, in violation of 14 CFR § 121.805(a) and 14 CFR § 121.417(a); and/or
b. Failing to provide adequate training as to the location of the flights emergency medical equipment, in violation of 14 CFR § 121.417(b)(2) and 14 CFR § 121.805(b)(2); and/or
c. Failing to provide emergency medical equipment that is clearly identified and clearly marked to indicate its method of operation, in violation of 14 CFR 121.803(b)(3); and/or
d. Failing to store the planes emergency medical equipment in a compartment or container that was marked as to its contents; in violation of 121.803(b)(4) and ; and/or
e. Failing to have emergency medical equipment readily accessible to crewmembers, in violation of 14 CFR 121.803(b)(2); and/or
f. Failing to provide proper training on the intended use of the flight's emergency medical equipment, in violation of 14 CFR § 121.417(b)(2) and 14 CFR § 121.805(b)(2); and/or
g. Failing to provide adequate instruction as to emergency assignments and procedures in an emergency medical event, in violation of 14 CFR § 121.417(b)(1) and 14 CFR 121.805(b)(1); and/or
h. Failing to provide adequate instruction as to responsibilities and coordination among crew members during an emergency medical event, in violation of 14 CFR § 121.417(b)(1) and 14 CFR 121.805(b)(1) ; and/or

i. Failing to have emergency medical equipment readily accessible to passengers, in violation of 14 CFR 121.805(b)(2);

j. Failing to familiarize crewmembers with the content of the emergency medical kit as modified on April 12, 2004, in violation of 14 CFR 121.805(b)(4); and/or

k. Failing to provide instruction on the proper use of automated external defibrillators, in violation of 14 CFR 121.805(b)(5)(i); and/or

l. Failing to provide instruction in cardiopulmonary resuscitation, in violation of 14 CFR 121.805(b)(5)(ii); and/or

m. Failing to provide a CPR mask, in violation of in violation of 14 CFR 121.803(a); and/or

n. Failing to provide automated external defibrillator that was clearly marked to indicate its method of operation, in violation of 14 CFR 121.803(b)(3); and/or

o. Was otherwise negligent.

21. As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of Defendants JOHN DOE AND JANE DOE, Individually and as the agents and/or

employees of Defendant SPIRIT AIRLINES, and Defendant SPIRIT AIRLINES,

CHRISTOPHER ALLEN, sustained injuries of a personal and permanent nature, including

conscious pain and suffering, and died on April 8, 2013.

22. As a proximate result of the death of CHRISTOPHER ALLEN, his family, including

Plaintiff JAQUELINE ALLEN, has been deprived of love, companionship, and emotional

support, and has suffered injuries of a personal and pecuniary nature.

23. JAQUELINE ALLEN, as wife and Special Administrator of the Estate of CHRISTOPHER

ALLEN, Deceased, brings this cause of action on behalf of the Estate of the Decedent pursuant

to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois for the benefit of his

estate, and his heirs, including his wife, and children.

WHEREFORE, Plaintiff, JAQULINE ALLEN, as Wife and Special Administrator of the

Estate of CHRISTOPHER ALLEN, Deceased, by and through her attorneys, POWER ROGERS

AND SMITH, P.C., demands judgment against the Defendant(s) in such a sum of money in

excess of FIFTY THOUSAND DOLLARS ($50,000) as shall represent fair and just
compensation.

### COUNT III
(Wrongful Death-Jane Doe)

NOW COMES Plaintiff JAQUELINE ALLEN, Wife and Special Administrator to the

Estate of CHRISTOPHER ALLEN, deceased, hereby complaining of defendant SPIRIT

AIRLINES, INC, pleading hypothetically and in the alternative, Plaintiff states as follows:

1. On, prior to, and at all times relevant to April 8, 2013, Defendant SPIRIT AIRLINES, INC,

(hereinafter Spirit), was an airline in the business of offering domestic and international flights to

Citizens of the United States of America.

2. On, prior to, and after April 8, 2013, Spirit did substantial business out of Chicago's O'Hare

International Airport, located at 10000 Bessie Coleman Dr., City of Chicago, County of Cook,

State of Illinois.

3. On, prior to, and after April 8, 2013, in pursuit of its business, Spirit offered domestic flights,

both to and from, Chicago's O'Hare International Airport and Las Vegas's McCarran

International Airport.

4. On April 8, 2013, Spirit operated flight 356 from Las Vegas's McCarran International Airport

to Chicago's O'Hare International Airport.

5. On April 8, 2013, Plaintiff CHRISTOPHER ALLEN, (hereinafter Mr. Allen) was a passenger

on Spirit flight 356 traveling from Las Vegas to Chicago.

6. On April 8, 2013, Defendant JOHN DOE is an unknown Defendant, working as an agent

and/or employee of Defendant SPIRIT AIRLINES.

7. On April 8, 2013, Defendant JANE DOE is an unknown Defendant, working as an agent and/or employee of Defendant SPIRIT AIRLINES.

8. On April 8, 2013, Defendant JOHN DOE was a flight attendant working within the course and scope of his employment with Defendant Spirit.

9. On April 8, 2013, Defendant JANE DOE was a flight attendant working within the course and scope of her employment with Defendant Spirit.

10. On, prior to, and after April 8, 2013, Spirit had a duty to ensure that its flight crew, including but not limited to, its flight attendants were adequately and appropriately trained to address medical emergencies that might arise on board.

11. On, prior to, and after April 8, 2013, Spirit had a duty to ensure its flight crew, including but not limited to, its flight attendants were aware of, and had access to, on board emergency medical equipment.

12. On, prior to, and after April 8, 2013, Spirit had a duty to ensure the safety, health, and survival of its passengers including, but not limited to, Mr. Allen.

13. On, prior to, and after April 8, 2013, JOHN DOE had a duty to know the location of the plane's emergency medical equipment.

14. On, prior to, and after April 8, 2013, JANE DOE had a duty to know the location of the plane's emergency medical equipment.

15. On prior to, and after April 8, 2013, JOHN DOE had a duty to know the intended operation of the plane's emergency medical equipment.

16. On, prior to, and after April 8, 2013, JANE DOE had a duty to know the intended operation of the plane's emergency medical equipment.

17. On April 8, 2013, Mr. Allen was found unresponsive on-board Spirit flight 356.

18. On April 8, 2013, fellow passengers attempted to resuscitate Mr. Allen while Spirit Flight

356 was still in the air.

19. On April 8, 2013, Mr. Allen passed away.

20. At the aforesaid time and place, SPIRIT AIRLINES, INC, was then and there negligent in

one or more of the following respects:

    a. Failing to provide adequate training, with regard to medical emergency, to its flight
crew, in violation of 14 CFR § 121.805(a) and 14 CFR § 121.417(a); and/or
b. Failing to provide adequate training as to the location of the flights emergency medical
equipment, in violation of 14 CFR § 121.417(b)(2) and 14 CFR § 121.805(b)(2); and/or
c. Failing to provide emergency medical equipment that is clearly identified and clearly
marked to indicate its method of operation, in violation of 14 CFR 121.803(b)(3); and/or
d. Failing to store the planes emergency medical equipment in a compartment or
container that was marked as to its contents; in violation of 121.803(b)(4) and ; and/or
e. Failing to have emergency medical equipment readily accessible to crewmembers, in
violation of 14 CFR 121.803(b)(2); and/or
f. Failing to provide proper training on the intended use of the flight's emergency medical
equipment, in violation of 14 CFR § 121.417(b)(2) and 14 CFR 121.805(b)(2); and/or
g. Failing to provide adequate instruction as to emergency assignments and procedures in
an emergency medical event, in violation of 14 CFR § 121.417(b)(1) and 14 CFR
121.805(b)(1); and/or
h. Failing to provide adequate instruction as to responsibilities and coordination among
crew members during an emergency medical event, in violation of 14 CFR §
121.417(b)(1) and 14 CFR 121.805(b)(1) ; and/or
i. Failing to have emergency medical equipment readily accessible to passengers, in
violation of 14 CFR 121.805(b)(2);
j. Failing to familiarize crewmembers with the content of the emergency medical kit as
modified on April 12, 2004, in violation of 14 CFR 121.805(b)(4); and/or
k. Failing to provide instruction on the proper use of automated external defibrillators, in
violation of 14 CFR 121.805(b)(5)(i); and/or
l. Failing to provide instruction in cardiopulmonary resuscitation, in violation of 14 CFR
121.805(b)(5)(ii); and/or
m. Failing to provide a CPR mask, in violation of in violation of 14 CFR 121.803(a);
and/or
n. Failing to provide automated external defibrillator that was clearly marked to indicate
its method of operation, in violation of 14 CFR 121.803(b)(3); and/or
o. Was otherwise negligent.

21. As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of Defendants JOHN DOE AND JANE DOE, Individually and as the agents and/or

employees of Defendant SPIRIT AIRLINES, and Defendant SPIRIT AIRLINES,

CHRISTOPHER ALLEN, sustained injuries of a personal and permanent nature, including

conscious pain and suffering, and died on April 8, 2013.

22.  As a proximate result of the death of CHRISTOPHER ALLEN, his family, including

Plaintiff JAQUELINE ALLEN, has been deprived of love, companionship, and emotional

support, and has suffered injuries of a personal and pecuniary nature.

23.  JAQUELINE ALLEN, as wife and Special Administrator of the Estate of CHRISTOPHER

ALLEN, Deceased, brings this cause of action on behalf of the Estate of the Decedent pursuant

to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois for the benefit of his

estate, and his heirs, including his wife, and children.

WHEREFORE, Plaintiff, JAQULINE ALLEN, as Wife and Special Administrator of the

Estate of CHRISTOPHER ALLEN, Deceased, by and through her attorneys, POWER ROGERS

AND SMITH, P.C., demands judgment against the Defendant(s), in such a sum of money in

excess of FIFTY THOUSAND DOLLARS ($50,000) as shall represent fair and just

compensation.

## COUNT IV
### Wrongful Death – RUMC

1.  On and before August 9, 2012, and at all times relevant, RUSH UNIVERSITY MEDICAL
CENTER (hereafter RUMC) was a healthcare provider in the City of Chicago, County of Cook,
and State of Illinois

2.  On and before August 9, 2012, and at all times relevant, Plaintiff's Decedent,
CHIRSOTOPHER ALLEN was a patient at RUSH UNIVERSITY MEDICAL CENTER
(hereafter RUMC).

3. On and before August 9, 2012, Plaintiff's Decedent, CHRISTOPHER ALLEN presented to RUMC's Emergency Department and was seen by RUMC employees and/or agents JANINE M. FROMM, R.N., DEBRA LUNT, R.N., and AMY BHA'GVANJI, M.D. for a variety of complaints, and was noted to have an elevated blood pressure.

4. On or about August 9, 2012, and at all times relevant, Defendant RUMC, by and through one or more of its agents and/or employees ordered lab work and an EKG on Plaintiff's decedent, CHRISTOPHER ALLEN.

5. On or about August 9, 2012, and at all times relevant, Defendant RUMC, by and through its employees and/or agents recorded multiple elevated blood pressures for the decedent.

6. On or about August 9, 2012, and at all times relevant, Defendant RUMC, by and through its employees and/or agents noted abnormal EKG findings.

7. On or about August 9, 2012, and at all times relevant, Defendant RUMC, by and through its employees and/or agents did not engage a cardiologist or obtain a cardiology consultations for CHRISTOPHER ALLEN despite the abnormalities noted during his lab work, EKG, ECG and/or clinical evaluation.

8. On or about August 9, 2012, and at all times relevant, Defendant RUMC, by and through its employees and/or agents, did not have a cardiologist review the electrocardiogram report results until August 10, 2012 at or about 4:07 p.m., when DR. ROGER BILLHARDT reviewed the results.

9. On or about August 9, 2012, and at all times relevant, Plaintiff's Decedent, CHRISTOPHER ALLEN was admitted to Defendant RUMC's Emergency Department at or about 0919 a.m. and discharged that day at or about 1355.

10. On April 8, 2013, Plaintiff CHRISTOPHER ALLEN, (hereinafter Mr. Allen) was a passenger on Spirit flight 356 traveling from Las Vegas to Chicago.

11. On April 8, 2013, Mr. Allen became unresponsive on-board Spirit flight 356.

12. On April 8, 2013, fellow passengers attempted to resuscitate Mr. Allen while Spirit Flight 356 was still in the air.

13. On April 8, 2013, Mr. Allen was injured and passed away.

14. On or about April 9, 2013, and at all times relevant, a postmortem examination was performed on CHRISTOPHER ALLEN.

15. On or about July, 9, 2013, and at all times relevant, pathologists Ponni Arunkumar, M.D. and Jennifer Dettloff, M.D. issued a Report of Post mortem Examination that revealed a cause of death of hypertensive cardiovascular disease.

16. On or about April 9, 2013, and at all times relevant, no drugs or alcohol were noted to be in CHRISTOPHER ALLEN's system based upon samples secured that day and a toxicology report dated May 2, 2013.

17. That Plaintiff, JACQUELINE ALLEN did not know and had no reason to know that CHRISTOPHER ALLEN's death may have been wrongfully caused on April 8, 2013.

18. That Plaintiff, JACQUELINE ALLEN did not know of any facts or circumstances suggesting that decedent CHRISTOPHER ALLEN's death may have been wrongfully caused at the time of his death.

19. That as a direct and proximate result of one or more of the following negligent acts and/or omissions on the part of Defendant RUMC, Plaintiff's Decedent was injured and died:

   a. failed to obtain a cardiology consultation; and/or

   b. failed to appreciate the significance of the abnormal test, lab and clinical findings; and/or

   c. failed to refer CHRISTOPHER ALLEN to a cardiologist; and/or

   d. failed to have a complete cardiac work-up performed on CHRISTOPHER ALLEN; and/or

   e. discharged CHRISTOPHER ALLEN without providing proper medical treatment and evaluation; and/or

   f. was otherwise negligent.

20. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants JOHN DOE AND JANE DOE, Individually and as the agents and/or employees of Defendant SPIRIT AIRLINES, and Defendant SPIRIT AIRLINES, CHRISTOPHER ALLEN, sustained injuries of a personal and permanent nature, including conscious pain and suffering, and died on April 8, 2013.

21. As a proximate result of the death of CHRISTOPHER ALLEN, his family, including Plaintiff JAQUELINE ALLEN, has been deprived of love, companionship, and emotional support, and has suffered injuries of a personal and pecuniary nature.

22. JAQUELINE ALLEN, as wife and Special Administrator of the Estate of CHRISTOPHER ALLEN, Deceased, brings this cause of action on behalf of the Estate of the Decedent pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois 21. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants

JOHN DOE AND JANE DOE, Individually and as the agents and/or employees of Defendant

SPIRIT AIRLINES, and Defendant SPIRIT AIRLINES, CHRISTOPHER ALLEN, sustained

injuries of a personal and permanent nature, including conscious pain and suffering, and died on

April 8, 2013.

23. JAQUELINE ALLEN, as wife and Special Administrator of the Estate of CHRISTOPHER

ALLEN, Deceased, brings this cause of action on behalf of the Estate of the Decedent pursuant to

740 ILCS 180/1, commonly known as the Wrongful Death Act of Illinois for the benefit of his

estate, and his heirs, including his wife, and children.

WHEREFORE, Plaintiff, JAQULINE ALLEN, as Wife and Special Administrator of the

Estate of CHRISTOPHER ALLEN, Deceased, by and through her attorneys, POWER ROGERS

AND SMITH, P.C., demands judgment against the Defendant(s) in such a sum of money in excess

of FIFTY THOUSAND DOLLARS ($50,000) as shall represent fair and just compensation.

### Respondents-in-Discovery

JANINE M. FROMM, R.N.,

DEBRA LUNT, R.N., and

AMY BHAGVANJI, M.D.

WILLIAM BILLHARDT, M.D.

POWER ROGERS & SMITH, P.C.

Attorney for Plaintiff

Larry R. Rogers, Jr. (31444)
POWER ROGERS & SMITH, P.C.
70 W. Madison St., Suite 5500
Chicago, IL 60602
Telephone: (312) 236-9381
Facsimile: (312) 236-0920